IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH H. KERR III, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-13-CA-231-LY |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division,[1] | § | |
|     Respondent. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 6); and Petitioner's response thereto (Document 7). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

---

[1] The previous named respondent in this action was Rick Thaler. On June 1, 2013, William Stephens succeeded Thaler as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Stephens is automatically substituted as a party.

## STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 942557. On June 15, 1995, Petitioner was sentenced to 75 years in prison for indecency with a child by contact.

Petitioner does not challenge his holding conviction. Rather, Petitioner alleges his right to due process has been violated by the retroactive application of Section 501.063 of the Texas Government Code. In 2011, the Texas Legislature amended Section 501.063 of the Texas Government Code to increase the required health care services fee for inmates. Petitioner asserts he is forced to use the medical department in order to avoid disciplinary actions because he cannot work. He contends this extorts his commissary moneys and holds his release date hostage, because he is eligible for mandatory supervision. Petitioner concludes this harshens the severity of his confinement.

Respondent moves to dismiss Petitioner's application for habeas corpus relief. Respondent argues Petitioner has not raised a claim cognizable under federal habeas law.

## DISCUSSION AND ANALYSIS

The Supreme Court has differentiated between habeas and civil rights claims referring to either "fact or duration" or "conditions" of confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973). Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under 28 U.S.C. § 1983. <u>Jackson v. Torres</u>, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or

the label he places upon the action is not the governing factor. Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979). Petitioner's claims are not properly brought under 28 U.S.C. § 2254, because they do not legitimately challenge the fact or duration of his confinement.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss should be granted and Petitioner's application for writ of habeas corpus be dismissed.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of July, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE